IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ANTHONY GLENN MILLER,                )
                                     )
        Petitioner,                  )
                                     )   1:16CV1312
v.                                   )   1:98CR139-1
                                     )
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a document entitled "Motion for Order–To Correct Error in Presentence Report Due to Purported Oversight Pursuant to Rule 36, Fed. Rule Crim. P." [Doc. #259]. In it, he claims to seek a correction for an "error" in his Presentence Report. He alleges that the Probation Officer who prepared the Report erred by attributing a prior conviction for shoplifting to him and assigning a criminal history point even though the conviction remained "judicially unresolved" at the time of Petitioner's sentencing in this Court. A review of the Presentence Report reveals that the Officer attributed the point to Petitioner for the shoplifting conviction under USSG 4A1.2(a)(4) because Petitioner pled guilty and was convicted in that case prior to his conviction in this Court. (Docket Entry 254, ¶ 24.) It remained "judicially unresolved" due to Petitioner absconding prior to sentencing, which would not affect the Guideline cited. (Id.) Thus, the PSR appears correct in its assignment of the criminal history point.

In any event, Petitioner's argument is one involving interpretation of the Guidelines and not any clerical error correctable under Rule 36.

Further, Petitioner seeks to raise this claim in part because, as he notes, the Presentence Report affects his sentence. He also claims that the alleged error violated his constitutional rights. Therefore, his filing is an attack on his sentence based on alleged constitutional violation. The document he filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For this reason, the Court will construe the submission as such a motion. However, the Motion cannot be further processed because court records reveal that Petitioner previously attacked the same conviction and sentence in a § 2255 Motion [1:01CV219]. Consequently, if Petitioner wishes to attack his sentence in some manner, he must move in the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider the current Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. See AO 243 (MDNC 10/07), Instructions, ¶ (4) (copy enclosed). Because of this pleading failure, this particular Motion should be filed and then dismissed.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

2

Case 1:98-cr-00139-LCB   Document 260   Filed 11/17/16   Page 2 of 3

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 17TH day of November, 2016.

Joe L. Webster
United States Magistrate Judge